## W. B. CORLEY, EXR., v. MARY HAL, ET. AL.

**Wills—Construction—Intention of Testator.**

> A testator devised his property by will, and after the payment of his debts and two specific legacies, directs that "the residue of his estate shall be equally divided between his son W. B. Corley, his daughter Mary H. Hall, and R. C. Neal, and Acquilla Neal, the heirs of his deceased daughter Susan O. Neal to have 'one share' when they became twenty-one yars old; and Matilda D. Corley, the only heir of his deceased son Aquilla D. Corley, to have one hundred dollars more than an equal fourth part of his estate after his sister Nancy Wood shall receive twenty-five dollars." And "in the event that either of the infant heirs, R. C. Neal, Aquilla Neal or Matilda D. Corley, shall die without an heir,' their respective share shall return back into or remain in my estate and be equally divided between my surviving children, etc.", One of the minors died childless and it is Held, that it clearly appears, after the payment of specific legacies, the residue of the estate should be equally divided into four parts, and that the devisees should take per stripes, and that there is nothing in the context which could be construed into an intention to give either branch less than one-fourh.

APPEAL FROM SHELBY CIRCUIT COURT.

January 18, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The testator in the second clause of his will after the payment of his debts and two specific legacies, directs that the residue of his estate shall be equally divided between his son, W. B. Corley, his daughter, Mary H. Hall, Richard C. Neal, and Aquilla Neal, the heirs of his deceased daughter, Susan O. Neal, to have "one share" when they become twenty-one years old, and Matilda D. Corley, the only heir of his deceased son, Aquilla D. Corley, to have one hundred dollars more than an equal fourth part of his estate after his sister, Nancy Wood, shall receive twenty-five dollars.

And in the third clause provides that in the event that either of the infant heirs, viz: Richard C. Neal, Aquilla Neal, or Matilda D. Corley shall die *without an heir,* their respective *share* shall return back into and remain in my estate, and be equally divided between my surviving children *or* grandchildren as the case may be."

Aquilla Neal died in his minority, and childless, and the question raised by this suit is, who will take his share of the estate, or whether the testator intended by the words *"without an heir"* that if either of his said grandchildren died *"childless,"* his or her portion of the estate should go to the surviving devisees ?

The will is unskillfully drawn, and it is somewhat difficult to arrive at a satisfactory conclusion from the third clause isolated, or in connection with the other clauses, what the testator intended by the words *without an heir.* But it clearly appears after the payment of the specific legacies, that the testator intended the residue of his estate to be divided into four equal parts, and the two Neals should have one share or fourth thereof, he intended that the devisees should take *per stripes;* and there is nothing in the context which can be construed into an intention to give either branch less than one fourth. Nor which will authorize a departure from the literal interpreattion of the words. It is obvious that the testator used the word *"heirs"* without understanding its legal and technical meaning; and it is not improbable that he believed if either of said grandsons died, the survivor would take as his heir.

Concurring in opinion with the court below, the judgment is therefore affirmed.

*Montfort, for appellant.*

*Caldwell, for appellees.*